# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME MARKIEL DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No. 1:18-cv-00832-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF Nos. 15, 16)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.    Background**

Plaintiff Jerome Markiel Davis ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On January 9, 2019, the Court screened Plaintiff's complaint and found that Plaintiff stated a cognizable claim for deliberate indifference in violation of the Eighth Amendment against Defendant Roberts in her individual capacity arising from the alleged incident of food tampering, but failed to state any other cognizable claims against any other defendants. The Court ordered Plaintiff to either file a first amended complaint or notify the Court of his willingness to proceed only on the cognizable claim. (ECF No. 15.) On January 17, 2019, Plaintiff notified the Court of his willingness to proceed on the cognizable claim identified by the

1

1 | Court. (ECF No. 16.)

## II. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## III. Allegations in Complaint

Plaintiff is currently housed at the Maguire Correctional Facility in Redwood City, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at the California Substance Abuse Treatment Facility in Corcoran, California. Plaintiff names the following defendants in their individual and official capacities: (1) State of California; (2) Warden Stuart Sherman; (3) Supervising Registered Nurse L. Koeppe; and (4) Registered Nurse D. Roberts.

///

In Claim I, Plaintiff alleges cruel and unusual punishment, claiming that Defendant Roberts handed him a meal that he was unauthorized to receive. The meal made his mouth bleed and go numb with a medicine taste. Defendant Koeppe, the supervisor, did not train Defendant Roberts in the correct manner, which led to the cruelty against Plaintiff. Defendant Sherman is responsible because his prison did not protect Plaintiff from cruelty after he explained that someone poisoned his food at the previous prison. Plaintiff asked for a special accommodation so that his food would not be tampered with. Plaintiff alleges that the State of California (CDCR) failed to protect him from cruelty because the rules and regulations for feeding inmates in administrative segregation are ineffective and allow for staff to retaliate in the inmates' food. Plaintiff claims that the act was intentional because it happened at a previous institution.

In Claim II, Plaintiff alleges a violation of his Equal Protection rights, claiming that he was discriminated against by Defendant Roberts. She allegedly victimized Plaintiff by tampering with a meal that she was not authorized to give. Plaintiff contends that he was the sole victim of extreme symptoms while his peers enjoyed a safe meal. Plaintiff asserts that Defendants Sherman and CDCR are responsible because the rules governing how inmates are fed are ineffective. Plaintiff further asserts that the rules do not provide equal protection because he was singled out and because, unlike inmates in general population, inmates in administrative segregation cannot see their food being placed on food trays by staff. Plaintiff alleges that Defendant Koeppe is responsible because he failed to train Defendant Roberts in the correct manner and to not retaliate or discriminate against inmates.

In Claim III, Plaintiff alleges "bad living conditions," claiming that CDCR did not create rules for staff to follow when feeding inmates in segregated housing to ensure that no one is tampering with meals. Plaintiff explains that inmates cannot see their trays, which creates a possibility for staff to discriminate or retaliate against an inmate by tampering with the food. Plaintiff asserts that this possibility creates a bad living condition. He alleges that Defendant Roberts is responsible for these inhumane conditions because she tampered with his food. She reportedly intentionally gave Plaintiff a Kosher meal, when he was supposed to receive a regular inmate tray. She also allegedly coerced Plaintiff into believing that he was approved for the tray.

The Kosher meal reportedly was opened and tampered with, causing Plaintiff to suffer severe symptoms. Plaintiff contends that Defendant Sherman is responsible because he did not make sure these conditions did not exist at his prison.

In Claim IV, Plaintiff alleges a violation of his right to be free from excessive/unreasonable force and retaliation. Plaintiff contends that CDCR has rules on how to feed inmates in segregated housing, but those rules did not make sure that he was safe or free from excessive force and retaliation. Plaintiff further contends that the rules opened a blind sport for staff to tamper with Plaintiff's food. Plaintiff avers that Defendant Roberts tampered with his food, which was excessive, unusual and unreasonable. He also avers that it was discrimination and retaliation. Plaintiff claims that Defendant Koeppe did not ensure that his staff underwent proper training. Plaintiff also claims that Defendant Sherman did not ensure the implementation of rules and regulations to prevent the deprivation of Plaintiff's rights.

In Claim V, Plaintiff alleges a violation of his "right to life." Plaintiff asserts that CDCR has rules on serving food to inmates in segregated housing. However, CDCR's failure to implement cameras or safety measure to ensure that staff are not conspiring against inmates by attacking their meals is a deprivation of the right to life and makes the rules ineffective. Plaintiff again asserts that his food was tampered with in disregard to his life due to CDCR negligent rules for feeding inmates in segregated housing. Plaintiff repeats his assertion that Defendant Roberts tampered with his food, causing him severe symptoms. Plaintiff claims that the act of giving him an unauthorized meal that was tampered with was a disregard for his life, and Defendant Roberts did not want him to live a safe and healthy life. Plaintiff further claims that neither Defendant Koeppe or Defendant Sherman properly train their staff and are negligent.

In Claim VI, Plaintiff alleges defamation of character. Plaintiff claims that Defendants Sherman, Koeppe and Roberts denied his claims of misconduct and when the matter was investigated through the appeals process, they said Plaintiff was lying and staff did nothing wrong. Plaintiff asserts that this derailed the process of a further investigation and jeopardized a blood test and urinalysis ordered by the doctor. Plaintiff alleges that on the day that the tests were to be done by the lab technicians, they refused.

As relief, Plaintiff seeks compensatory and punitive damages, along with injunctive relief.

**IV.     Discussion**

    **A.     Federal Rule of Civil Procedure 8**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8. Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–57; Moss, 572 F.3d at 969.

Plaintiff's complaint is short, but it is not a plain statement of his claims. Plaintiff's complaint lacks clear factual allegations regarding the incident at issue and the involvement of various defendants.

    **B.     State of California – Eleventh Amendment Immunity**

Plaintiff attempts to bring suit against the State of California and its agency, the California Department of Corrections and Rehabilitation. The Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against state agencies (such as CDCR), absent "a waiver by the state or a valid congressional override . . . ." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." See Fireman's Fund Ins. Co. v. City of Lodi, Cal., 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted), cert. denied, 538 U.S. 961 (2003). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court . . . ." Dittman, 191 F.3d at 1025–26 (citing Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985)); see also Brown v. Cal. Dep't. of Corr., 554 F.3d 747, 752 (9th Cir. 2009). However, "the Eleventh Amendment does not bar

5

actions seeking only prospective declaratory or injunctive relief against state officers in their official capacities[,]" Fireman's Fund, 302 F.3d at 957 n.28 (internal quotation and citation omitted), or, in appropriate instances, in their individual capacities, Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 269 (1997) (citing Ex Parte Young, 209 U.S. 123 (1908)).

Plaintiff therefore fails to state a cognizable claim against the State of California or the California Department of Corrections and Rehabilitation.

### C. Official Capacity

Plaintiff is attempting to bring suit for monetary damages against defendants in their individual and official capacities. As noted above, "[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dep't. of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities. Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003). Thus, Plaintiff may only proceed against the defendants in their individual capacities for monetary damages and in their official capacities for injunctive relief. Nonetheless, as discussed more fully below, Plaintiff's request for injunctive relief is now moot.

### D. Supervisory Liability

Insofar as Plaintiff is attempting to hold Defendants Sherman and Koeppe liable based solely on their supervisory roles, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Plaintiff may also allege the supervisor "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.' "

Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted).

Here, Plaintiff's complaint fails to allege that Defendants Sherman and Koeppe participated in, directed or knew of any intended violation of Plaintiff's rights. Plaintiff's complaint also fails to adequately allege that any of these supervisory defendants implemented a policy so deficient that it was a repudiation of Plaintiff's rights and the moving force of any constitutional violation. Although Plaintiff makes conclusory allegations concerning the policy for feeding inmates in segregation, he provides no factual allegations identifying the relevant policy and its deficiencies.

### E. Failure to Train/Supervise

Plaintiff also complains that Defendants Sherman and Koeppe failed to properly train or supervise their staff. A "failure to train" or "failure to supervise" theory can be the basis for a supervisor's liability under § 1983 in only limited circumstances, such as where the failure amounts to deliberate indifference. See City of Canton, Ohio v. Harris, 489 U.S. 378, 387–90 (1989). To establish a failure-to-train/supervise claim, a plaintiff must show that "'in light of the duties assigned to specific officers or employees, the need for more or different training [or supervision] [was] obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policy-makers . . . can reasonably be said to have been deliberately indifferent to the need.'" Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002) (quoting Canton, 489 U.S. at 390).

Ordinarily, a single constitutional violation by an untrained employee is insufficient to demonstrate deliberate indifference for purposes of failure to train. Connick v. Thompson, 563 U.S. 51, 62 (2011). Instead, a plaintiff must usually demonstrate "[a] pattern of similar constitutional violations by untrained employees," Id., unless the need for training is "so obvious" and "so likely to result in the violation of constitutional rights," that "the failure to provide proper training may fairly be said to represent a policy for which the city is responsible, and for which the city may be held liable if it actually causes injury," Canton, 489 U.S. at 390.

Here, Plaintiff's complaint fails to state a cognizable claim based upon a theory of failure to train or supervise. Plaintiff's factual allegations identify an isolated incident at the California

7

Substance Abuse Treatment Facility, not a pattern of constitutional violations at that facility related to alleged food tampering in segregated housing.

**F.    Food Tampering – Eighth Amendment**

Adequate food is a basic human need protected by the Eighth Amendment. Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982), abrogated on other grounds by Sandin v. O'Connor, 515 U.S. 472 (1995). While prison food need not be "tasty or aesthetically pleasing," it must be "adequate to maintain health." LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993). "The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." Id. (citation omitted). However, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted). To state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. Farmer v. Brennan, 511 U.S. 825, 847 (1994).

At the pleading stage, the Court finds that Plaintiff's complaint states a cognizable Eighth Amendment deliberate indifference claim against Defendant Roberts in her individual capacity.

**G.    Equal Protection – Fourteenth Amendment**

Plaintiff alleges denial of equal protection in violation of the Fourteenth Amendment. The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). To state an Equal Protection claim, Plaintiff must show that the defendants acted with an intent or purpose to discriminate against him based on membership in a protected class, Lee, 250 F.3d at 686; Barren v. Harrington, 152 F.3d 1193, 1194 (1998), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

Here, Plaintiff has failed to allege sufficient facts to demonstrate that he is in a protected class or that similarly situations individuals were treated differently.

**H.  Excessive Force – Eighth Amendment**

Plaintiff's allegations of excessive force arise under the Eighth Amendment to the United States Constitution.  To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  The inquiry as to whether a prison official's use of force constitutes cruel and unusual punishment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson, 503 U.S. at 6–7; Whitley v. Albers, 475 U.S. 312, 320 (1986).

"The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency."  Hudson, 503 U.S. at 8 (internal quotation marks and citations omitted).  A prison official's use of force to maliciously and sadistically cause harm violates the contemporary standards of decency.  Wilkins v. Gaddy, 559 U.S. 34, 37 (2010).

Plaintiff's complaint fails to state a cognizable claim for excessive force in violation of the Eighth Amendment.  There is no indication that any defendant used force, much less force applied maliciously and sadistically to cause harm.

**I.  Retaliation – First Amendment**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).

Plaintiff's complaint fails to state a cognizable retaliation claim.  At a minimum, Plaintiff does not identify any protected conduct, nor does he identify any adverse action taken against him *because of* that protected conduct.

///

**J.     Injunctive Relief**

Insofar as Plaintiff seeks injunctive relief against prison officials in their official capacities, any such request is now moot. Plaintiff is no longer housed at the California Substance Abuse Treatment Facility, where he alleges the incident at issue occurred, and where the prison officials are employed. Therefore, any injunctive relief against the officials at the California Substance Abuse Treatment Facility is moot. See Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (prisoner's claims for injunctive relief generally become moot upon transfer) (citing Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (holding claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has demonstrated no reasonable expectation of returning to [the prison]")).

**K.     State Law Claims**

Insofar as Plaintiff has alleged state law claims for negligence and defamation by defendants, he has failed to allege compliance with the Government Torts Claims Act ("Act"). The Act requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity before filing suit in court, generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added). When a plaintiff asserts a claim subject to the Act, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 209 (2007). Plaintiff has not done so here.

**V.     Conclusion and Recommendation**

Plaintiff's complaint states a cognizable claim for deliberate indifference in violation of the Eighth Amendment against Defendant Roberts in her individual capacity arising from the alleged incident of food tampering, but fails to state any other cognizable claims.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

///

///

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceeds on Plaintiff's complaint, filed June 20, 2018, (ECF No. 1), for deliberate indifference in violation of the Eighth Amendment against Defendant Roberts; and

2. All other claims and Defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 23, 2019** /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE